UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALMIRA ALI-SADEK BERRO,

        Defendant.

_____/

CRIMINAL NO. 04-80370-17

DISTRICT JUDGE JOHN CORBETT O'MEARA

MAGISTRATE JUDGE DONALD A. SCHEER

## <u>ORDER</u>

Defendant Almira Ali-Sadek Berro's Motion for Bill of Particulars was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on June 23, 2005. Having reviewed defendant's motion, together with the government's response, and having heard the arguments of counsel, I find that the motion should be denied.

The movant is the 17th, and last defendant named in a 57 Count Indictment. He is charged in Count 45 with a single offense of bank fraud in violation of Title 18 U.S.C. §1344. Two other defendants, Sadek Berro and Abdulamir Berro, are charged in the same Count. The three defendants are accused of aiding and abetting one another in devising an executing a scheme to obtain monies or other property owned by, or in the custody and control of, a federally insured financial institution by means of false and fraudulent pretenses, representations and promises. The Indictment sets out the name of the financial institution, a particular mortgage loan account number, the address of the real estate to which the account pertains, the date upon which an allegedly false loan application was submitted with respect to that account, and the amount of the mortgage

loan involved.  Defendant's counsel agrees that he was provided access to documents obtained by the government during the investigation leading up to the indictment.  He seeks a Bill of Particulars on the theory that the Indictment fails to state "with any specificity exactly what Almira Ali-Sadek Berro did to violate 18 U.S.C. §1344."

The government's response to the defendant's motion asserts that "Count 45 also incorporates the Count 1 of the Indictment."  Paragraph 14 of Count 1 alleges that "the defendants and their co-conspirators concealed and transferred assets in contemplation of bankruptcy so that creditors could not attach those assets."  Paragraph 53 of Count 1 alleges that defendant Sadek Berro, with the assistance of Ali Farhat and Abdulamir Berro, also defendants, concealed his true ownership of the property specified in Count 45 of the Indictment, in contemplation of the filing of a bankruptcy petition.

The government's brief further references Count 56 of the Indictment, which charges Sadek Berro and Abdulamir Berro with conspiracy to launder money.  Specific allegations in that Count are that Abdulamir Berro deposited into a bank account checks made payable to Sadek Berro that had been issued by insurance companies.  It is further alleged that, on June 15, 2001, Abdulamir Berro withdrew funds from the account in the form of a check for $27,400.00 made payable to Almira Ali Berro (movant), who is a son of Sadek Berro.  The government's brief asserts that documents made available in discovery to counsel for the defendant show that the check for $27,400.00 was used as part of a down payment by Almira Ali-Sadek Berro for the purchase of the property listed in Count 45 of the Indictment. Finally, the brief declares that defendant has had access to all government materials relating to the property, including a false loan application signed and submitted by him to obtain the mortgage on that property.

The proper purposes of a Bill of Particulars are: a) to insure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; b) to avoid or minimize the danger of unfair surprise at trial; and c) to enable a defendant to plead double jeopardy if he is later charged with the same crime "when the Indictment itself is to vague and indefinite for such purposes."  United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).  While I agree with the defendant that the Indictment provides little detail as to the acts attributed to him by the government in connection with the offense charged in Count 45, I am satisfied that the government's representations in its response to the instant motion provides sufficient factual detail to satisfy the legitimate purposes for which a Bill of Particulars might be sought.  The government is not required to provide a defendant through a Bill of Particulars with all overt acts that might be proven at trial.  United States v. Rosenthal, 793 F.2d 1214, 1227 (6th Cir. 1986).  I am satisfied that the Indictment as a whole, together with the discovery information made available to counsel for defendant and the government's representations in its response to the Motion for Bill of Particulars provide the defendant with the means to understand the nature of the charges against him so that he can conduct an investigation and adequately prepare for trial.

IT IS THEREFORE ORDERED that Defendant Almira Ali-Sadek Berro's Motion for Bill of Particulars is DENIED.

_____
s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 24, 2005

**CERTIFICATE OF SERVICE**

I hereby certify on June 24, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 24, 2005.  **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217