UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No: 04 80370-17
                                         Hon. John Corbett O'Meara

ALMIRE ALI-SADEK BERRO,

        Defendant.
_____/

**MOTION FOR SEPARATE TRIAL**

NOW COMES Defendant, ALMIRE ALI SADEK BERRO, and moves this Honorable Court as follows:

1. Mr. Berro is Defendant Number 17 in a Second Superceding Indictment.

2. Mr. Berro is only mentioned in Count 48 of the Second Superceding Indictment where he is charged with one count of Bank Fraud.

3. Mr. Berro is listed in Count 48 with; (D-1) ALI ABDUL KARIM FARHAT, (D-2) ABDULAMIR BERRO, (D-4) AKRAMABDUL KARIM BERRO, (D-5) JAMAL SAADALLAH BERRO, (D-7) ABDUL HALIM BERRO, (D-11) ZEINAB BERRO, (D-12) SADEK BERRO, (D-13) AMIR ALI FARHAT, AND ((D-15 HOUDA MOHAMAD BERRO.  It is alleged that these individuals aided and abetted each other in "devising and executing a scheme to obtain moneys, or other property owned by, or in the custody and control of federally insured financial institutions, by means of false and fraudulent pretenses, representations and promises."

4. Mr. Berro is the son of, (D-12) SADEK BERRO AND, (D-11) ZEINAB BERRO.

5. In the opening paragraph of Count 48, the government incorporates by reference paragraphs 1-14 of the introduction to this Indictment, and paragraphs 15-21 of the general allegations.  Yet none of these paragraphs deal with false loan applications to obtain mortgages, and none of these paragraphs mention Mr. Berro.

6. The only allegation against Mr. Berro in the entire indictment is that he allegedly misrepresented his employment and income on a loan application to purchase the home in which he currently resides alone known as 7749 West Morrow Dearborn, Michigan. It is uncontested by the parties that Mr. Berro is not implicated in any of the other alleged activities contained in this Indictment. There is no connection factually between the allegations against Mr. Berro, and the alleged transactions and activities alleged against the other defendants.

7. The government's entire case against Mr. Berro will involve documentation that Mr. Berro was given a gift of money by his uncle and his father to purchase his home, and introduction of the loan application allegedly executed by Mr. Berro, which contained the alleged misrepresentations regarding his employment and income.

8. There is no evidence that Mr. Berro aided and abetted anyone in the procurement or concealment of assets, or schemed with anyone to acquire title to the property he purchased. The only parties involved in this one transaction alleged in the Indictment are Mr. Berro, the purchaser, and his father and uncle who provided money for his down-payment.

9. Mr. Berro is a young man of 21 years, who attend school and is struggling to make his house payment and other expenses, through employment at a cellular phone company. A joint trial in this case will result in Mr. Berro loosing his employment due to the length of the proposed trial, 99% of which does not involve him, but his requires attendance.

10. Mr. Berro made an effort to avoid a trial in this case. He was offered a diversionary sentence by the government in this case. However the offer was conditioned upon his father, mother and uncle pleading guilty. Currently, the offer has changed to allow Mr. Berro to plead to a misdemeanor only if his father pleads guilty, and testifies. The only other alternative is to plead guilty as charged or proceed to trial.

11. Under the circumstances, Mr. Berro has no viable alternative but to proceed to trial because the government refuses to treat him as an individual. Although he has nothing to do with the majority of the activities alleged in the indictment the government chooses to treat him in the same fashion as the principles in this case. Therefore he seeks discretionary relief from this court in hopes that the court will see the injustice of forcing Mr. Berro into a trial that could last several months.

WHEREFORE Mr. Berro respectfully prays this Honorable Court to grant him a separate trial based upon these facts and the Brief in Support of this motion.

Respectfully submitted,

Nicholas J. Vendittelli P 30770
Attorney for Almire Ali-Sadek Berro
6053 Chase Rd.
Dearborn, Michigan 48126
313 565-2400
njvendi@comcast.net

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No: 04 80370-17
                                      Hon. John Corbett O'Meara

ALMIRE ALI-SADEK BERRO,

        Defendant.
                                  /

**BRIEF IN SUPPORT OF MOTION FOR SEPARATE TRIAL**

      Mr. Berro was improperly joined in this matter. As a result he faces substantial prejudice in this matter. Improper Joinder is addressed in FRCP 8(b).

> (b) Joinder of Defendants. The Indictment or Information may join two or more defendants if they are alleged to have participated in the same s series of acts or transaction, constituting an offense or offenses. The defendant's may be charged in one or more counts together or separately all defendants need not be charged in each count.

In <u>United States v. Hatcher</u>, 680 F2d 438, 441 (6th Cir, 1982), the court stated:

> "the joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the Indictment arises out of the same act or transaction, or series of acts or transactions even if all counts of the Indictment includes a common defendant."

The Fifth Circuit Court of Appeals defined the word "series" as a group of acts or transactions that are "logically related", <u>United States v. Marioneaoux,</u> 514 F2d 544, 1249 (5th Cir, 1982).

      Mr. Berro's alleged involvement in this case does not arise for a series of acts or transactions involving other defendants. Mr. Berro is only implicated in one transaction. He is only implicated in one count of a 66 count Indictment. His involvement is not linked in any way to any of the other the other counts in the Indictment. The one transaction that Mr. Berro is allegedly involved, cannot be considered a "series" of acts or transactions. Further, the only reason there are other defendants involved in this one act is because his father and uncle gave him a gift of money to buy a house. Other than that fact, Mr. Berro is not alleged to be involved in any other activity outlined in the Indictment.

Finally, although Mr. Berro does not have to show prejudice to obtain the relief requested, a joint trial in this matter will destroy him financially.

Therefore FRCP 8(b) requires mandatory severance in this case.

Respectfully submitted,

Nicholas J. Vendittelli P 30770
Attorney for Almire Ali-Sadek Berro
6053 Chase Rd.
Dearborn, Michigan 48126
313 565-2400
njvendi@comcast.net

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

  v.                                    Case No:  04-80370-17
                                          Hon. John Corbett O'Meara

**ALMIRE ALI-SADEK BERRO,**

          **Defendant.**
_____/

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 2, 2006, I electronically filed the foregoing document with the Clerk of the Court, using the Electronic Filing System, which should send notification of said filing to the following: Cathleen Corken, Asst. United States Attorney, Scott Keillor, Esq.. Peter J. Kelly, Esq., Michael J. Kemnitz, Esq., John R. Minock, Esq., Douglas R. Mulkoff, Esq., and David C. Tholen, Esq.,

       Paper copies of this document were mailed via United States Postal Service upon:

Lawrence J. Bunting, Esq., 2855 Coolidge Hwy. Suite 101A Troy Michigan 48084

Lawrence C. Burgess, Esq., 2632 Buhl Blg. Detroit, Michigan 48226

Donald W. Ferris Jr. Esq., 4158 Washtenaw Ave. Ann Arbor, 48108

James Hoare Esq., 28545 Orchard Lake Road, Suite B, Farmington Hills, Michigan 48134.

Michael Rataj Esq., 25234 Michigan Avenue 48124

Pamela Szydlak Esq., 615 Griswold St., Suite 1620 Detroit, Michigan 48226

Lawrence Warren Esq., 2000 Town Center Suite 900 Southfield, Michigan 48075

Thomas Warshaw Esq., 30300 Northwestern Hwy. Suite 315 Farmington Hills, Michigan 48334

William Winters Esq., 17940 Farmington Rd. Suite 280 Livonia, Michigan 48152


                                        _____/s/_____
                                        Nicholas J. Vendittelli