UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff

  v.

**D-7   ABDUL HALIM BERRO**
**D-8   BILAL EL-SABLANI,**
**D-9   NOURA BERRO,**
**D-10  SAMI AHMAD BERRO**
**D-12  SADEK BERRO**
**D-15  HOUDA MOHAMAD BERRO,**
**D-16  LINA REDA,**
**D-17  ALMIRE ALI-SADEK BERRO,**

      **Defendants.**

_____/

Case No. 04-80370
Hon. John Corbett O'Meara

## MOTION TO DISMISS

### (Second Superseding Indictment)

Defendants (as listed above), by their respective counsel, whose electronic signatures appear below, move for dismissal of the Second Superseding Indictment based upon prosecutorial misconduct and the government's outrageous conduct during plea negotiations.

Pursuant to Local Rule 7.1(a), defense counsel has sought concurrence from the government, however, that request was denied.

The grounds for this motion are set forth in the accompanying brief. Defendants request that the Court grant oral argument on this motion.

Respectfully submitted by:

/s/ Philip J. Thomas
PHILIP J. THOMAS
15450 E. Jefferson, Ste. 160
Grosse Pointe Park, MI 48230
(313) 821-2600
philipjthomas@aol.com
P31298
*Counsel for Abdul Halim Berro*

/s/Lawrence Warren
LAWRENCE WARREN
2000 Town Center, Suite 900
Southfield, Michigan  48075-1100
(248) 355-0300
lwarren@sommerspc.com
P22000
*Counsel for Bilal El-Sablani*

/s/Scott A. Keillor
SCOTT A. KEILLOR
2160 Washtenaw
Ypsilanti, Michigan  48197
(734) 487-5537
skeillor@umich.edu
P38880
*Counsel for Noura Berro*

/s/Peter J. Kelley
PETER J. KELLEY
407 N. Main Street
Ann Arbor, Michigan  48104
(734) 668-1344
pkelleylaw@aol.com
P15822
*Counsel for Sami Ahmad Berro*

/s/Donald W. Ferris, Jr.
DONALD W. FERRIS, JR.
Ferris & Salter, PC
4158 Washtenaw Ave.
Ann Arbor, Michigan  48108
(734) 677-2020
dferrissalt@aol.com
P26436

2

*Counsel for Sadek Berro*

/s/Salem F. Samaan
SALEM F. SAMAAN
150 N. Main Street
Plymouth, MI  48170-1236
(734) 459-4040
sfsamaan@sbcglobal.net
P31189
*Counsel for Houda Berro*

/s/Pamella R. Szydlak
PAMELLA R. SZYDLAK
615 Griswold Street
1620 Ford Building
Detroit, Michigan  48226
(313) 963-6660
pammellar@aol.com
P49783
*Counsel for Lina Rena*

/s/Nicholas J. Vendittelli
NICHOLAS J. VENDITTELLI
6053 Chase Road
Dearborn, Michigan  48126
(313) 945-5100
njvendi@comcast.net
P30770
*Counsel for Almire Ali-Sadek Berro*

Dated: February 15, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff

v.

D-7   ABDUL HALIM BERRO
D-8   BILAL EL-SABLANI,
D-9   NOURA BERRO,
D-10 SAMI AHMAD BERRO
D-12 SADEK BERRO
D-15 HOUDA MOHAMAD BERRO,
D-16 LINA REDA,
D-17 ALMIRE ALI-SADEK BERRO,

    Defendants.
_____/

Case No. 04-80370
Hon. John Corbett O'Meara

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### (Second Superseding Indictment)

Defendants, as listed above, file this brief in support of their Motion to Dismiss, based on established case law prohibiting the government from engaging in prosecutorial misconduct and outrageous conduct during the course of a criminal investigation.

### STATEMENT OF FACTS

On April 21, 2004, an indictment was issued against twelve (12) defendants. As is customarily done, shortly after issuance of the indictment, the government circulated Rule 11 plea agreements to counsel for defendants. In December, 2004 counsel for the government circulated new Rule 11 plea agreements. However, this time the Rule 11 plea agreements were

4

meaningless unless all twelve (12) defendants accepted the new agreements. The government referred to this plea offer as a "global" resolution.

In conversations with defense counsel, the government made threats and used intimidation in an attempt to coerce guilty pleas from the defendants. The threats issued to defense counsel generally involved assertions that unless the defendant accepted the latest Rule 11 plea agreement, a new indictment would be issued and new charges would be levied against the defendant. Even more significant than the threat of new charges were government threats that if the defendant did not plead guilty, a relative of the defendant would be charged in the new indictment.

When the defendants refused to succumb to the government's intimidating tactics, a First Superseding Indictment was issued on April 20, 2005. In the First Superseding Indictment, the government's threats were fully realized. New charges were added and several of the defendant's family members were charged. The government extended new Rule 11 plea offers to the defendants and new coercive tactics were used. Counsel for several defendants were told that if the plea offers were accepted by an individual defendant, that defendant's relative, *i.e.* a wife, son, etc., would be given diversion. When the defendants refused to cave in to the government's tactics, a Second Superseding Indictment was issued on November 9, 2005. The government's plea tactics throughout this proceeding have been outrageous and warrant dismissal of this case. Since it may be confusing to outline the government's outrageous conduct as to each defendant within this single brief, the lawyers who are joining in this motion have each appended an affidavit setting forth the government's conduct as to their client. The affidavits are appended as Exhibits 1 through 8.

## ARGUMENT

The government cannot engage in threatening and coercive conduct that denies an accused of the right to freely and voluntarily consider a plea offer.  Several federal courts have held that threatening third parties, such as a defendant's family and/or loved ones is considered a coercive tactic and renders a guilty plea void.  See Crow v. United States, 397 F.2d. 284, 285 (10th Cir. 1968).  When the government engages in conduct that purports to bribe a defendant into accepting a plea, courts have rendered such guilty pleas as legally involuntary.  United States v. Pollard, 959 F. 2d 1011 (D.C. Cir. 1992).  It is beyond comprehension how a federal prosecutor could be allowed to engage in bribe tactics in order to induce a guilty plea.  Such conduct is outrageous and should not be tolerated by this court.

Well-established case law affords a defendant the opportunity to challenge the government's egregious conduct by means of the outrageous government misconduct defense when the defense is predicated on a violation of a defendant's constitutional rights.  See Jacobson v. United States, 503 U.S. 540, 112 S. Ct. 1535, 118 L. Ed. 2d 147 (1992).

Although federal courts have not specifically defined the requirements of the outrageous conduct defense, the relevant inquiry revolves around the totality of the circumstances.  United States v. Bogart, 783 F.2d 1428, 1438 (9th Circuit).  Id.  The doctrine of the outrageous government misconduct first originated in the landmark Supreme Court case United States v. Russell, 411 U.S. 423, 93 S. Ct. 1637, 36 L.Ed. 2d 366 (1973).  To warrant a dismissal of an indictment, the governmental misconduct must rise to a level "violating that 'fundamental fairness' shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment." Id.

In <u>United States v. DiGregorio</u>, 795 F. Supp. 630 (S.D.N.Y. 1992), the defendant moved for dismissal based on outrageous government misconduct portrayed. Specifically, defendant argued that the agents coerced the defendant to sign certain statements and to cooperate in their investigation by employing threats of further detention, and immediate prosecution, in violation of the defendant's right to counsel guaranteed by the Fifth and Sixth Amendment. <u>Id.</u> at 635.

The Court determined that although the agents' conduct was "despicable," the defendant's failure to show prejudice regarding their defense or legal representation precludes dismissal. <u>Id.</u> at 635. The Court held:

> It simply will not do to have federal agents purposefully perverting the constitutionally protected right to counsel to further their investigative efforts. Nevertheless, even assuming that this conduct meets <u>Russell's</u> test of outrageousness, dismissal of the Indictment is not warranted on this basis because the Defendants **have failed to show that this behavior resulted in any prejudice to their defense or legal representation.**
>
> <u>Id.</u> at 635. <u>See, e.g., United States v. Morrison,</u> 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

The prosecutor's behavior in this matter has severely prejudiced the undersigned's ability to represent his client. All of the undersigned attorneys cannot afford their respective clients of the opportunity to accept guilty pleas because the government has made it impossible for the defendants to consider such an offer unless the other eighteen (18) defendants accept similar offers. In this case, although a total of three indictments have been issued, it is critical for this court to note that all of the information relating to the alleged credit card schemes (that underlie all charges) have been in the government's possession for roughly 3 to 4 years. None of the new charges stem from facts newly discovered by the government. For example, in the Second Superseding Indictment, Defendant-7 Abdul Halim Berro has been charged with money laundering in Counts 45 and 46. The facts and information set forth in that Count (in regards to

the $95,000.00 transaction) have been in possession of the government since before the issuance of the original indictment.  In fact, during discussions with defense counsel in late 2004, the government's counsel repeatedly referenced that transaction and asked for the whereabouts of the $95,000.00.

It is unfair for the government to carry out its investigation and charging functions in such a coercive and intimidating manner.  The defendants who have elected to challenge the government's charges have suffered extreme prejudice in that:  1) duplicitous charges have been brought against them (*i.e.* new charges which are based totally on evidence already in the government's possession concerning existing charges); and, their relatives have been charged with crimes and then used as bait to force them to plead guilty.

Respectfully submitted by:

/s/ Philip J. Thomas
PHILIP J. THOMAS
15450 E. Jefferson, Ste. 160
Grosse Pointe Park, MI 48230
(313) 821-2600
philipjthomas@aol.com
P31298
*Counsel for Abdul Halim Berro*

/s/Lawrence Warren
LAWRENCE WARREN
2000 Town Center, Suite 900
Southfield, Michigan  48075-1100
(248) 355-0300
lwarren@sommerspc.com
P22000
*Counsel for Bilal El-Sablani*

/s/Scott A. Keillor
SCOTT A. KEILLOR
2160 Washtenaw
Ypsilanti, Michigan  48197
(734) 487-5537

skeillor@umich.edu
P38880
*Counsel for Noura Berro*

/s/Peter J. Kelley
PETER J. KELLEY
407 N. Main Street
Ann Arbor, Michigan 48104
(734) 668-1344
pkelleylaw@aol.com
P15822
*Counsel for Sami Ahmad Berro*

/s/Donald W. Ferris, Jr.
DONALD W. FERRIS, JR.
Ferris & Salter, PC
4158 Washtenaw Ave.
Ann Arbor, Michigan 48108
(734) 677-2020
dferrissalt@aol.com
P26436
*Counsel for Sadek Berro*

/s/Salem F. Samaan
SALEM F. SAMAAN
150 N. Main Street
Plymouth, MI 48170-1236
(734) 459-4040
sfsamaan@sbcglobal.net
P31189
*Counsel for Houda Berro*

/s/Pamella R. Szydlak
PAMELLA R. SZYDLAK
615 Griswold Street
1620 Ford Building
Detroit, Michigan 48226
(313) 963-6660
pammellar@aol.com
P49783
*Counsel for Lina Rena*

/s/Nicholas J. Vendittelli
NICHOLAS J. VENDITTELLI
6053 Chase Road
Dearborn, Michigan 48126

9

                                         (313) 945-5100  
                                         njvendi@comcast.net  
                                         P30770  
                                         *Counsel for Almire Ali-Sadek Berro*

Dated: February 15, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      **Plaintiff**                                        Case No. 04-80370
                                                       Hon. John Corbett O'Meara

      v.

- D-7   ABDUL HALIM BERRO
- D-8   BILAL EL-SABLANI,
- D-9   NOURA BERRO,
- D-10  SAMI AHMAD BERRO
- D-12  SADEK BERRO
- D-15  HOUDA MOHAMAD BERRO,
- D-16  LINA REDA,
- D-17  ALMIRE ALI-SADEK BERRO,

      **Defendants.**
_____/

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 15, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Lawrence J. Bunting | ljbunting@wowway.com |
| Cathleen M. Corken, AUSA | cathleen.Corken@usdoj.gov |
| James J. Hoare | jamesandmadelain@aol.com |
| Scott A. Keillor, Esq. | skeillor@umich.edu |
| Peter J. Kelley, Esq. | pkelleylaw@sbcglobal.net |
| Michael J. Kemnitz, Esq. | mkemnitz@sbcglobal.net |
| Barbara L. McQuade, AUSA | barbara.mcquade@usdoj.gov |
| John R. Minock, Esq. | jminock@ic.net |
| Douglas R. Mullkoff, Esq. | doug@kmhlaw.com |
| William W. Swor | wwswor@wwnet.net |
| Pamella R. Szydlak | pammellar@aol.com |
| David C. Tholen, Esq. | David_Tholen@fd.org |
| Nicholas J. Vendittelli, Esq. | njvendi@comcast.net |
| Lawrence Warren | lwarren@sommerspc.com |

      I also hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Donald W. Ferris, Jr., Esq.
Ferris & Salter
4158 Washtenaw Ave.
Ann Arbor, MI  48108

Mark Magidson, Esq.
645 Griswold Street, Suite 2110
Detroit, Michigan  48226

Michael A. Rataj, Esq.
24234 Michigan Ave.
Dearborn, MI  48124

Salem F. Samaan
150 N. Main Street
Plymouth, MI  48170-1236

Thomas W. Warshaw, Esq.
30300 Northwestern Hwy., Suite 315
Farmington Hills, MI  48334

William J. Winters, Esq.
17940 Farmington Road, Suite 280
Livonia, MI  48152-3104

                                          s/Stephani A. Judd
                                          STEPHANI A. JUDD
                                          15450 E. Jefferson Ave., Suite 160
                                          Grosse Pointe Park, MI  48230
                                          Phone: (313) 821-2600
                                          E-mail: sjudd@philipjthomas.com
                                          P66653